

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# Graff v. Kohlman

Precedential or Non-Precedential:

Docket 0-3281

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Graff v. Kohlman" (2002). *2002 Decisions.* Paper 48.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/48

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3281

JOSEPH E. GRAFF; SANDRA E. GRAFF

v.

MICHAEL P. KOHLMAN, an individual;
BEAVER COUNTY, PENNSYLVANIA, a municipal corporation;
PATRICIA FOWLER, an individual; DENNIS GOEHRING, an individual;
DUANE RAPE, an individual; NEW SEWICKLEY TOWNSHIP, BEAVER COUNTY
PENNSYLVANIA, a municipal corporation

JOSEPH E. GRAFF, individually and as Administrator of the Estate
of Sandra E. Graff, deceased, Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action 99-01237
(Honorable William L. Standish)

Submitted Under Third Circuit LAR 34.1(a)
(Submitted:  December 12, 2000)

Before SCIRICA, AMBRO, and POLLAK,
Circuit Judges

(Filed January 29, 2002)
_____

MEMORANDUM OPINION
_____

POLLAK, District Judge.
     This appeal arises out of allegations by Joseph E. Graff ("Graff")
that Beaver
County and New Sewickley Township officials conspired to assess inflated
property taxes
against a farm owned by Graff and his late wife, Sandra E. Graff.  Graff
asserts claims
for violations of 42 U.S.C.    1983 and 1985 based on this conduct.  The
District Court

dismissed those claims.  We affirm.

I

In 1987, Graff entered into an agreement to purchase an active farm in Beaver County, Pennsylvania, for $63,000.  Prior to the close of the sale, a fire completely destroyed the farm house and other auxiliary buildings.  Graff nevertheless completed the purchase of the property at the agreed-upon price.  After the fire, the Beaver County Tax Assessment Office informed him that it would reduce the assessed value of the property from $39,488 to $27,700 because of the damage, but that the assessed value would return to approximately its original amount if Graff rebuilt the destroyed buildings.  After Graff finished building a new farm house in 1992, smaller than its predecessor, the County increased the assessed value of the property to $86,700.  This figure was more than twice the original assessed value.  Graff appealed the increase to the Beaver County Assessment Appeals Board.  During the pendency of the appeal, he completed construction of a barn on the property, resulting in another increase in its assessed value in 1993.

On July 26, 1994, the Court of Common Pleas of Beaver County ruled on Graff's appeal, setting his assessments at $82,000 for 1992 and $87,500 for 1993.  Graff appealed the trial court's decision to the Commonwealth Court of Pennsylvania, which remanded for further proceedings.  The trial court eventually upheld its prior order.  Graff appealed again, and the Commonwealth Court affirmed in a memorandum opinion dated April 9, 1997.  The Pennsylvania Supreme Court denied Graff's petition for allowance of appeal and subsequent request for reconsideration.

In 1997, Graff appealed his property assessment again.  This time, the Beaver County Board of Assessment Appeals reduced the assessed value of Graff's property to $56,000.  Although Beaver County appealed the decision, it and Graff eventually reached a settlement in 1999 setting the assessed value of Graff's property at $62,000 for 1997.  Graff has not disputed any subsequent property tax assessment by Beaver County.

Graff filed the complaint that forms the basis for this appeal on April 4, 1999.  In it, Graff alleges that the large increases in his 1992 and 1993 assessments were the result

of an improper request made by Patricia Fowler ("Fowler"), the secretary of the New
Sewickley Township, to Michael Kohlman ("Kohlman"), Beaver County's Chief
Assessor.  Graff further contends that Fowler's actions were authorized, consented to,
approved, or adopted by Dennis Goehring ("Goehring") and Duane Rape ("Rape"), both
members of the New Sewickley Township Board of Supervisors.  Graff also alleges that
Kohlman took a number of other actions that injured him further.  Graff contends that,
among other things, Kohlman improperly changed the designation of Graff's property
from agricultural to residential, improperly described his home as "architecturally
unique," and filed wrongful complaints against an expert witness Graff employed.
Graff's complaint asserts claims for violation of 42 U.S.C.   1983 and 1985 against
Kohlman, Fowler, Goehring and Rape, as well as Beaver County and New Sewickley
Township.  Specifically, he alleges that the defendants conspired to deprive him of rights
guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution
and by Article I, Section 1 of the Pennsylvania Constitution.

The defendants moved in the District Court to dismiss Graff's complaint for
failure to state a claim.  They contended that his   1983 claim was barred by the
applicable statute of limitations and that his   1985 complaint was defective because it
failed to identify Graff or his wife as members of a class protected by that statute against
racial or other class-based animus.  The District Court granted the motion as to the two
federal claims, and declined to retain supplemental jurisdiction over the remaining state
law claims.  Graff appeals the District Court's determination that his 1983 claim is
time-barred.  We review the District Court's ruling on this issue de novo.  See Dixon
Ticonderoga Co. v. Estate of O'Connor, 248 F.3d 151, 161 (3d Cir. 2001).

II

In Pennsylvania,   1983 claims are governed by the two-year statute of limitation
period provided by 42 Pa. Cons. Stat. Ann.   5524(7).  See Wilson v. Garcia, 471 U.S.
261, 266-67 (1985); Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d
582, 599 (3d Cir. 1998).  A cause of action filed under   1983 accrues when the plaintiff
knows or should know that his or her constitutional rights have been violated.  See id.;

Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982).

In the case before us, the District Court determined that Graff's complaint was untimely on its face because Graff knew or should have known that his rights were being violated in 1992 and 1993, but failed to file his 1983 complaint until August 4, 1999. On appeal, Graff's primary contention is that the District Court failed to examine his pleadings in the light most favorable to his claim, and that if it had done so, it would have accepted his theory that the defendants engaged in a "continuing conspiracy" against him that operated even at the time of his 1999 settlement. Based on this contention, Graff argues that his complaint does not on its face show noncompliance with the statute of limitations, and that it therefore should not be dismissed on a Rule 12(b)(6) motion. We find this argument unavailing.

The essence of Graff's claim is that the defendants conspired to inflate his 1992 and 1993 property tax assessments in a manner that deprived him of his constitutional rights. Graff had notice of this injury at the latest in 1993, when the county imposed its second increase in his tax assessment. To be sure, the complaint does allege wrongful activities by the defendants that took place after 1993. Assuming they are true, however, none of these allegations reveals a constitutional injury to Graff that could only have been discovered after April 4, 1997 (two years before the filing of his complaint). For example, although the complaint alleges that the county engaged in "lengthy litigation in retaliation for Graff's refusal to accept an [improper] assessment," we note that Graff himself initiated that litigation when he appealed his 1992 assessment. In addition, the allegation that the defendants filed baseless complaints against Graff's expert witness after the completion of initial proceedings in the Court of Common Pleas does not state a claim for an injury against Graff. And although Graff alleges that the county settled his 1997 tax assessment in 1999 pursuant to a conspiracy that began in 1992, nothing in the complaint indicates why Graff believes that the settlement involved wrongful activity that injured him.

For the foregoing reasons, we must reject Graff's contention that, when combined

with the allegedly wrongful assessments of 1992 and 1993, the subsequent conduct alleged in his complaint establishes a "continuing conspiracy" against him that makes his April 4, 1999 filing timely.  This court has previously held that the statute of limitations for civil conspiracies runs separately for each overt act causing damage.  See Bougher v. University of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989); Wells v. Rockefeller, 728 F.2d 209, 217 (3d Cir. 1984).  As we have explained, the only acts alleged in Graff's complaint that caused him actual constitutional injury were the assessments of the allegedly inflated property valuations in 1992 and 1993.  We also reject Graff's claim that his complaint is timely because he did not discover the involvement of Goehring and Rape until well after the initial disputes over his tax assessment.  In general, the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim.  See New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997).

For the foregoing reasons, viewing the complaint in the light most favorable to Graff, we hold that his  1983 claim accrued prior to April 4, 1997.  The order of the District Court dismissing this claim for failure to comply with the relevant statute of limitations will therefore be affirmed.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Louis H. Pollak
Louis H. Pollak
District Court Judge